UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ADE BROWN,

    Plaintiff,

v.

SABRINA DAVIS, et al.,

    Defendants.
_____/

Case No. 1:18-cv-1362

HON. JANET T. NEFF

**OPINION AND ORDER**

Plaintiff filed this prisoner civil rights action pursuant to 42 U.S.C. § 1983 alleging claims that Michigan Department of Corrections (MDOC) employees violated his rights under the First, Eighth and Fourteenth Amendments. The matter was referred to the Magistrate Judge. All claims have been resolved except for Plaintiff's claim that Defendants Sabrina Davis, John Davids, and Molly McQuiston retaliated against him for filing a lawsuit against Defendants Davids and Davis (and other MDOC employees) by denying him Loss of Privileges (LOP) waivers and transferring him to a more restrictive housing unit. The parties filed cross-motions for summary judgment of this remaining claim, and the Magistrate Judge issued a Report and Recommendation (R&R), recommending the Court deny both motions. The matter is presently before the Court on Defendants' objections to the Report and Recommendation. In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies the objections and issues this Opinion and Order.

*Objection One*.  Defendants argue that the Magistrate Judge erred in determining that a question of fact remains as to whether a causal connection exists between Plaintiff's protected conduct and Defendant McQuiston's conduct (R&R, ECF No. 42 at PageID.440).  Defendants disagree that Plaintiff has "presented sufficient evidence to show that McQuiston could have known of [Plaintiff's] protected conduct" (Obj., ECF No. 44 at PageID.448).  Defendants argue that the deposition transcript shows only that Defendant McQuiston was present for Plaintiff's deposition but "does not provide any evidence that McQuiston was aware of [Plaintiff's] lawsuit that he served in late September 2018 on Davis and Davids (the '812 lawsuit')" (*id.*).  However, the Magistrate Judge considered not only that McQuiston was present for Plaintiff's deposition but also additional circumstances and evidence, including temporal proximity, and that "McQuiston altered the way she handled Plaintiff's waiver requests" shortly after Davis and Davids received notice of the 812 lawsuit (R&R, ECF No. 42 PageID.440).  Viewing the evidence and all reasonable inferences in favor of Plaintiff, which the Court is obligated to do, the Magistrate Judge properly concluded that a question of fact remains regarding Defendant McQuiston's knowledge of Plaintiff's protected conduct (*see id.* at PageID.436, citing *Agristor Fin. Corp. v. Van Sickle*, 967 F.2d 233, 236 (6th Cir. 1992)).  Therefore, this objection is denied.

*Objection Two*.  Defendants object to the Magistrate Judge's recommendation to deny Defendants' Motion for Summary Judgment because the Magistrate Judge failed to consider McQuiston's uncontroverted statement that "she would have taken the same actions in moving [Plaintiff] regardless of [Plaintiff] filing any lawsuits" (Obj., ECF No. 44 at PageID.450).  Defendants argue that "[Plaintiff] cannot controvert" McQuiston's statement that "she would have taken the same actions regardless of [Plaintiff] filing lawsuits because [Plaintiff] was not meeting the requirements of the START program" (*id.* at PageID.450).  Thus, given the Sixth Circuit's

opinion in *Thaddeus-X v. Blatter*, McQuiston's unequivocal statement defeats Plaintiff's retaliation claim (*id.*; citing *Thaddeus-X v. Blatter*, 175 F.3d 378, 399 (6th Cir. 1999)). Defendants sole support for this cursory argument is paragraph 11 of McQuiston's Affidavit, stating:

> Brown's START Stage was not lowered because he had filed any lawsuits. Brown's START Stage would have been lowered regardless of any lawsuits filed by him because he was not meeting the requirements of the START Program.

(McQuiston's Aff. ¶ 11, ECF No. 29-3 at PageID.172). However, this bare assertion demonstrates no factual or legal error in the Magistrate Judge's overall analysis or conclusion, which fully considered and relied on the record evidence as a whole (ECF No. 42 at PageID.437-431), concluding that Plaintiff's allegations and contrary evidence were sufficient to preclude summary judgment. This objection is denied.

*Objection Three.* Defendants object to the Magistrate Judge's recommendation that a denial of Loss of Privileges waiver could be an adverse action (Obj., ECF No. 44 at PageID.450). Defendants argue that "[t]he denial of a waiver only meant that [Plaintiff] must serve the sanctions that he had already been assessed, it did not take away any privileges that [Plaintiff] did have and it did not result in more restrictions" (*id.* at PageID.450-51). However, the Magistrate Judge properly cited multiple authorities supporting that "actions that result in more restrictions and fewer privileges for prisoners are considered adverse" (R&R, ECF No. 42 at PageID.438, quoting *Hill v. Lapin*, 630 F.3d 468, 474 (6th Cir. 2010)). Further, prison officials provided Plaintiff an avenue for regaining those privileges and a reasonable jury could conclude the Plaintiff would have continued to receive waivers so long as he met requirements (R&R, ECF No. 42 at PageID.438-439). Therefore, Defendants' argument lacks merit. This objection is denied.

*Objection Four.* Defendants object to the Magistrate Judge's determination that "Plaintiff has presented evidence that Davis and Davids received requests for Loss of Privileges waivers for

[Plaintiff]" (Obj., ECF No. 44 at PageID.451).  Defendants argue that the Magistrate Judge erred in considering the kite/note Plaintiff allegedly sent to McQuiston as admissible evidence because such kite constitutes hearsay under Fed. R. Evid. 801 (*id.*).  Further, the kite does not show that Davis or Davids actually received waiver requests for Plaintiff.  However, again here, the Magistrate Judge considered Defendants' arguments in light of the overall evidence, concluding that "Plaintiff has presented evidence that McQuiston submitted waiver requests in both October and November, thus refuting McQuiston's, Davis's, and Davids's statements in their affidavits" (R&R, ECF No. 44 at PageID.451).  Defendants' disagree but have failed to show any error in the Magistrate Judge's conclusion in light of the record as a whole.  This objection is denied.

*Objection Five.*  Defendants object to the Magistrate Judge's determination that "Davis and Davids wanted [Plaintiff] transferred" (Obj., ECF No. 44 at PageID.451).  Defendants argue that there is no "admissible evidence showing the personal involvement of Davis and Davids in lowering [Plaintiff's] START stage and transferring him to a different housing unit" (*id.* at PageID.452).  Defendants assert that the Magistrate Judge erred in considering "[Plaintiff's] hearsay statements in his pleadings and motions" (*id.*).  However, the Magistrate Judge properly relied on the evidence of record, including Plaintiff's allegations in his verified summary judgment motion in concluding that an issue of fact exists as to whether Davis and Davids subjected Plaintiff to retaliatory acts (R&R, ECF No. 42 at PageID.441).  Therefore, the objection is denied.

Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation as the Opinion of this Court.

Therefore:

**IT IS HEREBY ORDERED** that the Objections (ECF No. 44) are DENIED and the Report and Recommendation of the Magistrate Judge (ECF No. 42) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Defendants' Motion for Summary Judgment (ECF No. 28) is DENIED.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment (ECF No. 30) is DENIED.

Dated: September 2, 2020  /s/ Janet T. Neff
JANET T. NEFF
United States District Judge